And we will proceed with the next appeal. It's Harrigan v. Rodriquez. And Jeffrey Garland is here for the appellant, Harrigan. And Michael Mastrucci is here for appellee Rodriquez. And, Mr. Garland, are you ready to proceed?  You may. My name is Jeffrey Garland, and I've been appointed to represent Leon Harrigan in connection with this appeal from the granting of a summary judgment in connection with the 1983 action. This is not the first time this case has been to the Eleventh Circuit. It came up before based upon an appeal from a judgment on the pleadings, and it was sent back down. It was reversed and sent back. But on that first appeal, there was never a ruling on the question of the heck bar. And so the case below proceeded apace, and on conflicting motions for summary judgment, the magistrate judge recommended that the case be dismissed based upon a heck bar. And this appeal follows. This is Judge Sipar. Just a preliminary question. Was that ruling by the magistrate judge objected to in front of the district court? In other words, the magistrate judge notified that if you don't object pursuant to Eleventh Circuit Rule 3.1, you waive any future objections, the right to challenge it. I couldn't find your client's objection to the magistrate judge's ruling. I don't think you'll find it. There wasn't one. So why isn't it waived? Your Honor, the client was proceeding representing himself. In those cases, this court indulges unrepresented plaintiffs, and I would ask that the court indulge this particular unrepresented plaintiff. Is there an exception in the Eleventh Circuit for the rule, even for pro se? Because usually pro se plaintiffs still have to follow the rules. We just read their pleadings liberally. So is there an exception for pro se plaintiffs that they don't have to object? I'm not going to say that there's an exception. Our position is that even without an exception, it's a reversible error. Can you explain that to me? This is Judge Marcus. I, too, was concerned that there was no objection taken from the magistrate's R&R to the district court. Our case law has suggested that's essentially the end of it. Is there any case anywhere that has given pro se plaintiff leave to go around that on the theory that we liberally construe the pleadings and take that to say that could obviate the rule itself? What I'd have to do is walk back to what Mr. Harrigan pled himself. Obviously, misunderstanding the procedures of the court, he argued in his own summary judgment motion, essentially, that the ruling of the Eleventh Circuit in the first appeal was sufficient to overcome the HECFAR without submitting sufficient sworn evidence to support it at that particular point. However, he did submit a variety of documents in opposition to the defendant's motion for summary judgment based upon the HECFAR, and he opposed it. Now, did he specifically object to the order? He did not. But he did file objections and documents in opposition to the defendant's motion for summary judgment. That was in front of the magistrate judge, correct? Just so I'm clear? That is correct. He also filed objections after the fact and out of time once the district judge entered the order of dismissal from which this appeal follows. But, no sir, I cannot advise that Mr. Harrigan did file a timely objection. All right, help us with the merits. On the merits of this case, this case is a clear confluence between the summary judgment rule and the HECFAR rule. In this particular case, the magistrate judge, affirmed by the district judge, ruled that consideration should be given to all sorts of matters which were not presented to the trial judge or the trial court in a criminal proceeding in state court. And that is the nub of this appeal, because the HECFAR first asked, does the claim, if successful in this case, necessarily contradict the conviction in the underlying criminal case? And we would submit that the examination of the evidence in that underlying criminal case has to be the examination of that evidence. In this case, it's clear that the magistrate judge did not follow that requirement. The magistrate judge reviewed not only the evidence of the criminal proceeding, but also Mr. Harrigan's deposition and also the internal affairs statement of the defendant, in this case, Officer Rodriguez. Those matters were not presented to the trial in the criminal case and could not have had any bearing upon the jury's verdict in that criminal case. So as a result, the use of the rule for summary judgment in this particular case was not properly followed. Can I ask you about that? I'm sorry to interrupt you, but I thought based on HEC itself and the language in HEC plus the 11th Circuit precedent, and let me just read you that language. The district court must consider, this is from HEC, whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction and or sentence. There's no limitation. Why wouldn't you consider all the evidence that could be presented at trial in a summary judgment proceeding to determine if it would result in invalidity? Does that make sense, my question? Well, it does, and I do think it's a two-step process, but the first one is to try and figure out can we look at the evidence presented in the underlying state trial and can we tease out exactly what the basis for the jury verdict was, and the answer to that is no. In this case, the jury instructions given in the underlying state prosecution together with the conflicting evidence leads to the conclusion that we do not know what the basis of the jury's general verdict was. In order for the HEC bar to apply in this case, the jury would necessarily have had to conclude that Mr. Harrigan was shot as his vehicle was moving toward an officer, and there is conflicting evidence on that. The jury instructions don't require that. There's no jury verdict on that. I'm sorry to interrupt you. So you raised some really thoughtful points in your brief, and one I struggled with. So I get how you can separate the assault on the officer from the shooting. He could have shot him first, and then he could have been upset, for example, and drove at the officer. Let's just assume those are two separate incidents. The thing I struggle with is the necessity defense, and I know you've come up with a few ways that you think the jury could have found the necessity defense didn't apply that are consistent with the assault by the officer, the excessive force by the officer occurring first. Does it have to be possible or plausible? When we look at it, is it just a possibility, or does it have to be plausible based on the records such that we could say a rational jury could find it? Council, two minutes. Two minutes, Council. Thank you. I believe that the precedent requires that the conclusion be necessarily inconsistent with the underlying state court verdict, but in terms of summary judgment in federal court, the standards for summary judgment are more relaxed than they are in state court, and so I would submit to you the judgment has to reasonably exclude it, but it doesn't have to conclusively do it, no. Let me ask a question, Mr. Garland, this way. This is Judge Marcus. The whole theory of the defense in the criminal trial as to the charge of aggravated assault on a law enforcement officer with a motor vehicle was that your client was stopped at light, he was not moving, and that's when he was shot. The whole case seemed to be turning on when the shooting occurred, but your argument was at the criminal trial that he was shot first and then tried to get away, rather than the other way around, the government's argument and theory of the case upon which it presented it and the evidence it presented was that the defendant was shot by the officer only after he was driving the car toward Officer Baldwin. Is it at all plausible that the jury could have concluded that he was shot first improperly by the officer, but then committed the aggravated assault as he was getting away? Yes. Based on the record and based on the matter in which the case was presented and tried. Thank you, but I'd like you to answer my question if you could. Yes, sir. The evidence of Officer Carter was that Mr. Harrigan's vehicle was stationary, there was no revving of the engine, and when he heard the shots he looked up and the pickup truck was in reverse. So, in that particular situation, the pickup truck could presumably have continued in reverse and there was no need to put it in drive and proceed forward and endanger an officer. So, in that particular circumstance, the jury could easily have determined that there was an alternative to placing an officer in threat. And that conclusion is invited by the necessity instruction, which says that there was no alternative, and I would note that there was no self-defense instruction given to the jury in this particular case. All right. Thank you, counsel. We'll hear from Mr. Mastrucci. Good morning, Your Honors. May it please the Court, Michael Mastrucci, Assistant County Attorney on behalf of Officer Rodriguez. Your Honors, this case can be summarized in a single sentence. In Harrigan's state criminal trial, a jury found, beyond a reasonable doubt, that he did not act out of necessity. Yet now, in this 1983 case, Harrigan is claiming it reasonable for a jury to find that he did. This is exactly the type of collateral attack on a criminal conviction that, heck, prohibits. And from the beginning of this case... We don't know, though, this is Judge Wilson, why the jury rejected his necessity defense, do we? I mean, a reasonable jury could have concluded, for example, that he had other reasonable means to avoid the shooting danger besides committing these crimes. Is it fair? Your Honors, while there were no special interrogatories returned and it was a general verdict, Your Honors, I will submit that when you look at the record and you look at the trial testimony, that it's simply not plausible for the jury to have concluded that Harrigan was shot first by Officer Rodriguez and then committed aggravated assault against Officer Baldwin, not out of necessity. And that's because the entire... Why? What if he was upset? He just got shot. Now he's irritated. He drives at an officer intentionally in an attempt to hit him. Why would it have to be necessary versus, I got shot, I'm in pain, I'm upset, I'm going to drive at that officer? Those seem logically consistent to me. A couple of things, Your Honor. First, that's not how Harrigan himself has framed his 1983 claim. That's not how he's framed the excessive force claim. He has maintained from the beginning of this case, and in fact, he filed this case while his criminal charges were pending. In the complaint, he refers to the charges as erroneous charges. And in his response to Officer Rodriguez's motion to dismiss, Harrigan even admitted that he filed this case while his criminal case was open in order to counter the charges pending against him, quote, without relying on an acquittal. And the way he's framed this case and the way he testified in his deposition was not that he was admitted to aggravated assault or that he admitted to any wrongdoing whatsoever. In fact, in his deposition, he maintains, just as he did at trial, that he was an innocent participant from the very beginning in this whole police encounter that Officer Rodriguez opened fire on him while he was stopped peacefully at the red light and that only then, in the same matter of seconds, did he put the stolen truck back into motion. And actually, in his deposition, he said he deliberately swerved around Officer Baldwin to not hit him and he fled the intersection to protect his own life. That was his deposition testimony, and it's undisputed that this entire series of events occurred in a matter of mere seconds. And that is the sole basis for his excessive force claim against Officer Rodriguez. But isn't it, Chief Counsel, this is Judge Marcus, isn't it theoretically possible, even if it's exceedingly unlikely and remote, that a jury could have accepted the theory that he was shot first and then gunned his car at the officer later? In which case, he would have been guilty of an aggravated assault even if the police officer had improvidently shot at him before the car moved. I think in another parallel universe of facts, it could be, Your Honors, but here, everything occurred so quickly. It's undisputed. It was in a matter of seconds. Four to five shots in succession, and he drives the car. That's his theory. The reason I ask the question is, as I look at the test the Supreme Court created, it said, it held in hex that a state prisoner's claim for damages is not cognizable under a 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. Necessarily imply the invalidity of the conviction or the sentence. If the jury could have reached the conclusion that I suggested to you, would that necessarily imply the invalidity? Well, if they could have reached that conclusion, but I don't believe that they could have based on the record in this case and the testimony at trial. The instance that we see or example that we see a lot of times where there's no hex bar is similar to an example you mentioned where the underlying criminal conduct occurs first and then in a separate space or time the alleged excessive force occurred. Here we can't parse it out like that because it all occurred right there at that intersection in just a mere matter of seconds. And it's important to note that Harrigan is only in this position because of the way he chose to frame his case. He rests his entire case on his complete innocence here. And in cases where this court has found heck not to apply, they've noted that there are cases where it's possible that the underlying criminal conduct occurred followed by the alleged excessive force, such as when an individual resists arrest, but then once taken into police custody, the officers use excessive force against him. But here, again, it all occurred in just a mere matter of seconds. It was a single uninterrupted violent encounter with police. And as I noted in my brief, I was not able to find any 11th Circuit precedent that speaks to this exact type of scenario where it's a single uninterrupted violent encounter with police where the 1983 plaintiff maintains he was innocent throughout that entire encounter. But I did point to several cases in the 5th and 10th Circuits that have examined this and I believe that this court should look to those cases for guidance and rule for Officer Rodriguez or Uphold, I'm sorry, the decision below because, just like in those cases, Harrigan's saying he did nothing wrong and this is exactly what heck was designed to prohibit. And, Your Honor, I would like to point out that Harrigan's argument that his own deposition testimony cannot be used in this case. There's no legal support for it that was cited in the brief and it flies in the face of the summary judgment standard which is that a plaintiff's own deposition testimony, of course, can be considered. So, Your Honors, I believe that it's important to keep in mind here that the cases that are cited in the appellant's brief, Dyer in particular is one that he relies heavily on, Dixon, they are distinguishable because in those cases there is the possibility that the underlying criminal conduct can occur in a separate time and place from the excessive force. But here, Harrigan says, here that's not possible. Can I give you a hypothetical? Could it be, so it's this logical necessity or necessary implied the invalidity. Could it be that a rational jury could find that Officer Rodriguez shot him? He then, he could have, after the shooting stopped, he could have turned himself in. So the necessity defense is obviated because he had no reasonable means to avoid the danger. The jury finds he could have turned himself in. Instead, he chose to assault an officer. So why wouldn't all of that be consistent? The shooting occurs. He doesn't turn himself in, which he could have done, and instead he drives at an officer. Well, Your Honor, there was no evidence in the record, in the trial record, to support that that was indeed the case. He, you know, at trial, that was his defense that he maintained, that he was an innocent participant, was shot at by Officer Rodriguez without provocation, and then drove, fled the intersection out of necessity. So I think we have to examine both the evidence that was in the trial record. Aren't you really saying here, this is Judge Marcus, in response to the question that Judge Thapar put to you, that yes, it is theoretically possible, but it is at war with how the case was presented and what the proofs actually were. But yes, it is possible. Isn't that really the answer? Yes, I suppose you're right, Your Honors. And so then the question becomes, is that enough to establish necessarily imply the invalidity of the conviction? I guess what I'm really asking you is, what does it mean to say it necessarily implies the invalidity of the conviction of sentence? Well, I think... Do you say that it's possible, or does it have to be reasonably plausible, given the theory of the cases and the evidence presented? Yes, it's the latter, Your Honor, because I think it means, as I believe was stated in Dyer, logically inconsistent. And that inconsistency is between the verdict at trial and the evidence at trial. And the plaintiff's theory... So, counsel, this touches the part again, and I really struggled. I'm not saying you're right or wrong. I really struggled with the really thoughtful point Judge Marcus just made, which is, is there any case law, and the reason I struggled, I'm going to tell you, is there any case law saying it has to be reasonably plausible, which makes sense, versus possible? Because it seems to me necessarily imply, and logical consistency could be read both ways. I have not found any case law stating that, Your Honor. However, I would argue that, yes, while this circuit's precedent does say that as long as it's possible that the 1983 claim can coexist with the conviction, here, in this particular case... Well, first of all, note that several cases that have cited that were established at the dismissal stage, not on an evidentiary record, such as Dixon. But in this case, it is not possible because of the way that Harrigan has chosen to frame his case here. So he could have, at the beginning of this case, said, yes, I did commit aggravated assault against Officer Rodriguez, but as I was fleeing the intersection, he opened fire on me, and that was excessive force. Or he could have said that, you know, I was shot at without provocation, but then, you know, at a separate time, or later down in the chase, I then drove my vehicle at Officer Baldwin. But he didn't... That's not how he framed this case. And so Mr. Harrigan is stuck with his composition... Counsel, two minutes. This is Judge Wilson. I just want to ask one more question along these lines. And is it possible that the jury could have rejected his necessity defense because it came to the conclusion that he caused the danger to himself by stealing the truck and driving it? Two minutes, Counsel. I don't think that that is... Certainly it's not plausible. And I would go so far as to say I don't believe it's possible when you look at the trial evidence. We don't really know, though, do we? We don't really know the answer to that question, do we? We cannot read the jurors' minds. No, we don't. But I think there's simply no reasonable construction of the trial evidence that would lend itself to that conclusion. And in one of the cases from Appellant's own brief, William M. B. Lawton, it says in the typical case where a jury reaches a verdict in the face of disputed issues of fact, we simply accept as true the version of facts for which evidence was presented by the party who won the jury verdict. And in this case, the evidence was Officer Baldwin's testimony from that trial that the gunshots occurred only after Harrigan drove the car at him. And so I think we cannot square that evidence and the jury's verdict there with Harrigan now claiming that he was completely innocent throughout the entire encounter. All right, I think we have your argument, Mr. Rucci. Thank you. Thank you, Your Honors. And, Mr. Garland, you have reserved some time for rebuttal. Yes, sir, I did. Again, Jeffrey Garland on behalf of Mr. Harrigan. Mr. Harrigan has never maintained his complete innocence in this encounter. It's quite clear he was charged with grand theft auto, and his vehicle was stopped because police officers were there. He never maintained his innocence to grand theft auto. The evidence in this case, he was also charged with a multitude of other charges, including fleeing a lood and malicious mischief and so forth. He never realistically was able to establish innocence on those and never claimed it. What is really being at issue here is the sequence of events leading up to the shooting and then the driving away. It is logically, it is not logically contradictory that the shooting occurred first, just as Officer Carter says. The vehicle then went in reverse. The vehicle then went in forward, and it endangered an officer. The suit here is not against the officer who was endangered. The suit is against the officer who shot him. And the liability for the officer is based upon the unlawful use of force against a person who is not offering resistance at that particular time. And so he suggests, Mr. Garland, that that theory is utterly remote because that's not the way either case was or would be presented, and because the act here was simultaneous in nature rather than sequenced and spaced out separately by time and space. Let me give you an example of basically what he's saying, and help me with it. A defendant in a criminal case may assault a police officer. The officer then may fully secure him, handcuff him, and he poses no risk to the officer or a risk of flight, and then thereafter the officer gratuitously assaults the defendant. Under those circumstances, the defendant would have a good 1983 excessive force case for the second act of assault by the police officer, which was distinct in time and space from the initial violent encounter. But he says, your opponent says, in this case, you really can't look at it that way because the events were simultaneous. He came to a stop and almost immediately thereafter, whether he was shot first or not, he drove a car toward or swerved around the officer. So this is not that kind of case. It's not that case because the way it was argued by your client and because it happened so simultaneously that that is so utterly implausible as to not be a logical possibility, or at least to define the term necessarily implying the invalidity. This couldn't possibly be that kind of case. Does the gap in time and space and the way your client has pled and argued both cases make your theory so utterly remote and implausible as to yield the conclusion that Heckley-Humphrey would be a bar? Respectfully, sir, not at all. How you define the time frame is if you define time frames in a certain way, then you can reach a certain answer. What is clear here is there were three police cars. This pickup truck, which was the subject of the initial inquiry, stopped and was not moving. There was Officer Carter immediately behind it. There was time for two other police cars to come up, then turn their lights on, and then two police officers to exit. These things do not happen in some light-of-speed, speed-of-light fashion. They happen in a sequence over time. Only when these other events happened and Officer Carter was undoing his seatbelt, which again would have taken time, he then hears shooting, which took time. He heard four to five shots, which took time. He then looks up and he sees the pickup truck moving in reverse. There was no spinning of tires before. The spinning of tires... Time has expired. Counsel, time has expired. You may answer my question. The spinning of tires would have taken time. All these things would have taken time. Officer Carter says only after the truck was in reverse and then engaged in drive did these following events occur. I would submit that these are separable events. They are divided by time, and that if an officer in a hypothetical case can be excused from the excessive and unlawful use of force just because he shoots a subject immediately before the subject attempts to escape and there's no evidence that the subject would have attempted the escape otherwise, then we place an undue burden upon any person who seeks relief in a 1983 action. This case is at the summary judgment level. It should proceed to trial and allow the jury to determine these disputed issues. If, as the defendant contends, that it is obvious and that the time sequence establishes that there is no liability, then the jury will speak so. But I submit that the claim here should proceed to a jury and that the summary judgment was not properly issued. Thank you very much. All right. Thank you. Counsel, I understand that you were appointed by the court to represent Mr. Harrigan in this case, and Mr. Garland, the court thanks you for your service. Of course. Thank you. It's been a pleasure. And that completes the docket this morning. The court will be in recess until 9 o'clock tomorrow morning.